# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

## KEVIN ABSTON v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. V6572   Joseph H. Walker, III, Judge

---

### No. W2012-01191-CCA-R3-HC  - Filed December 18, 2012

---

The Petitioner, Kevin Abston, appeals the Lauderdale County Circuit Court's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Kevin Abston, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia Lee, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On November 17, 1989, the Petitioner pled guilty to sixteen counts of robbery with a deadly weapon and received an effective sentence of fifty years.  He did not file a direct appeal on these convictions.  Rather, on June 1, 1998, he filed sixteen pro se petitions for post-conviction relief which were denied by the post-conviction court.  On appeal, this Court concluded that the statute of limitations barred all of the Petitioner's claims except his claim that his sentence was illegal.  See Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212, 1998 Tenn. Crim. App. LEXIS 1318, at *2 (Tenn. Crim. App., at Jackson, Dec. 30, 1998). This Court also concluded that the Petitioner's sentences may have been illegal in that they

exceeded the allowable sentences for a Range I standard offender under the former sentencing guidelines and all ranges under the Criminal Sentencing Reform Act of 1989. Id. at **3-4. The Petitioner's case was remanded to the post-conviction court for a hearing on the legality of his sentences.

On August 22, 2000, the Petitioner pled guilty to sixteen counts of robbery with a deadly weapon. The trial court sentenced the Petitioner to ten years for each conviction to be served as a Range I standard offender. The trial court imposed a combination of concurrent and consecutive sentences for an effective sentence of forty years. In May of 2012, the Petitioner filed a petition for writ of habeas corpus asserting that the imposition of consecutive sentences was illegal. On May 17, 2012, the trial court entered an order denying the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of

habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner contends that the trial court erred in ordering partial consecutive sentencing for a Range I standard offender. He also contends that the imposition of partial consecutive sentencing violated his constitutional rights as provided in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Apprendi and Blakely, however, "do not require the jury to determine the manner in which a defendant serves multiple sentences." State v. Allen, 259 S.W.3d 671, 690 (Tenn. 2008). Moreover, such claims under Apprendi and Blakely cannot be litigated through attacks on collateral review. See Jerome Sawyer v. State, No. W2012-00351-CCA-MR3-HC, 2012 Tenn. Crim. App. LEXIS 743, at *9 (Tenn. Crim. App., at Jackson, Sept. 28, 2012). Even if Apprendi and Blakely could be applied retroactively, it would render the judgment merely voidable, and not void. Billy Merle Meeks v. Ricky J. Bell, Warden, No. W2005-00626-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 962, at *20 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), perm. app. denied (Tenn. Apr. 7, 2008).

The Petitioner has failed to establish that the trial court was without jurisdiction or authority to impose partial consecutive sentencing or that his sentence of imprisonment has expired. Accordingly, the Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE